**DISTRICT ATTORNEY**
COUNTY OF NEW YORK
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000



**ALVIN L. BRAGG, JR.**
DISTRICT ATTORNEY

November 30, 2022

**BY ECF**

The Honorable Barbara C. Moses
United States District Court
Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

    Re: <u>Torres v. Miller</u>, 21 Civ. 5809 (RA) (BCM)

Dear Judge Moses:

    On behalf of the respondent in this habeas corpus case, I write pursuant to standing order No. 19-mc-00583, Section 6 of the SDNY ECF Rules & Instructions, and Your Honor's Individual Practices to request permission to file certain materials under seal. Specifically, I request permission to file under seal (1) the briefs submitted in the Appellate Division, First Department on petitioner's direct appeal; (2) petitioner's application for leave to appeal to the New York Court of Appeals; (3) petitioner's state court omnibus motion; (4) the exhibits attached to petitioner's motion to vacate his convictions pursuant to Section 440.10 of the Criminal Procedure Law ("CPL"); (5) the People's response to petitioner's CPL 440.10 motion; (6) the transcript from petitioner's trial in state court; and (7) respondent's memorandum of law in opposition to the habeas petition in this case. In accordance with Your Honor's Individual Practices, I am filing the materials as to which sealing is requested along with this letter-motion, with the exception of respondent's memorandum of law in opposition to the petition. I have not filed the memorandum of law because it is still in draft form.

    Petitioner was convicted of of three counts of Predatory Sexual Assault Against a Child (Penal Law § 130.96), two counts of Course of Sexual Conduct Against a Child in the First Degree (Penal Law § 130.75[1][b]), two counts of Rape in the First Degree (Penal Law § 130.35[4]), and one count each of Rape in the Second Degree (Penal Law § 130.30[1]), Criminal Sexual Act in the Third Degree (Penal Law § 130.40[2]), Incest in the Second Degree (Penal Law § 255.26), and Incest in the Third Degree (Penal Law § 255.25), for sexually abusing his three young daughters. Civil Rights Law § 50-b

requires that the identifies of sex offense victims remain "confidential," and that no public employee make "available for public inspection" any "court file" or "document" that "tends to identify such a victim." N.Y. Civ. Rights L. § 50-b.  As a result, the record and briefs were sealed in the state court appellate proceedings in this case.

In habeas cases arising out of sex offense convictions, "numerous courts in this District and elsewhere have entered sealing orders, or have excluded the [sex offense] victim's name from judicial documents, to protect the victim's identity." Scott v. Graham, 2016 U.S. Dist. LEXIS 159245, at *3 (S.D.N.Y. Nov. 17, 2016) (collecting cases) (granting the respondent's request to identify the victim by initials only, and to file under seal the state court record); see also Rodriguez v. Capra, 19 Civ. 4171 (DC) (SN), Dkt. No. 12 (S.D.N.Y. Sept. 20, 2019) (granting letter-motion to file state court record and opposition memorandum under seal); Parker v. Graham, 2019 U.S. Dist. LEXIS 27763, at *1-2 (W.D.N.Y. Feb. 21, 2019) (granting the respondent's request to seal the state court record); Balram v. Bradt, 2010 U.S. Dist. LEXIS 49041, at *1-2 (N.D.N.Y. May 18, 2010) (same); Hardison v. Artus, 2006 U.S. Dist. LEXIS 29445, at *3 n.2 (S.D.N.Y. May 16, 2006) (referring to the victim by initials only in the court's opinion and sealing the state trial transcript and exhibits); Brown v. Duncan, 2003 U.S. Dist. LEXIS 9322, at *15 n.1 (N.D.N.Y. June 4, 2003) (sua sponte sealing the entire court file).  In issuing sealing orders, district courts have found Civil Rights Law § 50-b to be a "compelling reason" to limit public access to the information and records at issue.  Scott, 2016 U.S. Dist. LEXIS 159245, at *3; see also Martich v. Smith, 2009 U.S. Dist. LEXIS 60117, at *2 n.4 (S.D.N.Y. July 14, 2009) ("[T]his Court granted respondent … leave to place under seal the federal habeas corpus petition and copies of all state records, in order to protect the privacy of the sex offense victim pursuant to N.Y. Civ. Rights Law § 50-b.").

Information identifying the three young victims in this case appears throughout the materials identified above.  Accordingly, to maintain the victims' privacy and to comply with the Civil Rights Law, I ask permission to file those materials under seal.

Respectfully submitted,

Stephen Kress (SK-1024)
Assistant District Attorney
(212) 335-9607
kresss@dany.nyc.gov

DISTRICT ATTORNEY  COUNTY OF NEW YORK

                     3                     November 30, 2022

cc:  Janner Torres
    16-A-1961
    Great Meadow Correctional Facility
    11739 State Route 22
    P.O. Box 51
    Comstock, NY 12821-0051